**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROSY BLUE, N.V.,**

            **Plaintiff,**

-vs-                                                Case No. 6:07-cv-465-Orl-31GKJ

**CHAD DAVIS and DAVIS &**
**ASSOCIATES, LLC,**

            **Defendants.**

_____

# ORDER

This matter comes before the Court on cross-motions for summary judgment (Docs. 54 and 55) and the parties responses thereto (Docs. 63 and 64).[1]

**II. Background**

Plaintiff Rosy Blue, NV ("Rosy") filed an Amended Complaint in this Court on May 18, 2007, which alleges twelve counts against Chad Davis ("Davis") and Davis & Associates, LLC ("D&A") for fraud in the inducement (Counts I and II), breach of contract (Counts III and IV), equitable lien and/or constructive trust (Counts V and VI), replevin (Counts VII and VIII), account stated (Counts IX and X) and unjust enrichment (Counts XI and XII). (Doc. 15). The following is a statement of undisputed facts.

Rosy is a Belgium corporation and worldwide seller and distributor of diamonds that has been in business for 45 years. (Doc. 55 at 2). Davis was introduced to Rosy through a mutual

---

[1]Plaintiff moves for summary judgment on all counts. Defendants, however, only move for summary judgment on Counts I, II, IV, V through VIII, XI and XII.

acquaintance, Eddie Lane ("Lane"), in March or April of 2006. (Doc. 55 at 2; Doc. 54 at 2). In April of 2006, Davis traveled with Lane to Belgium and met with Rosy's Senior Vice President, Rajesh Mehta ("Mehta")[2], to inquire about purchasing diamonds from Rosy. Lane represented to Rosy that Davis was in the business of selling diamonds and that he had sufficient financial assets and clientele to support his purchase of diamonds from Rosy and re-sale at a profit in the United States.[3] Lane told Mehta that he had seen Davis, on behalf of D&A, purchase $1 million worth of diamonds in one sitting. (Doc. 54 at 2; Doc. 55 at 3). Plaintiff alleges that it agreed to conduct business with the Defendants based on these representations.[4]

From April, 2006 to October, 2006, Defendants entered into 19 transactions with Rosy, which were memorialized in 19 invoices. (Doc. 55 at 4; Doc. 15-2). During this time, Rosy sold and/or consigned to D&A approximately $6.5 million worth of diamonds which were to be sold and paid for by Defendants, or returned to Rosy. In exchange, D&A promised to make scheduled monthly payments to Rosy, the last of which was due on January 22, 2007. (Doc. 55 at 4). D&A made its scheduled monthly payments, as promised, through September, 2006. (Doc. 55 at 4).

However, in November of 2006, Rosy was notified by Davis that approximately $3 million worth of diamonds that Defendants had purchased from Rosy had been stolen from Davis at the Florida Mall. (Doc. 55 at 4). According to Davis, while shopping at the Florida Mall in Orlando,

---

[2] Lane and Mehta had known each other for at least fifteen years. (Doc. 54 at 2).

[3] Plaintiff contends that Davis *and* Lane made these representations (Doc. 55 at 3), but Davis denies this allegation.

[4] Plaintiff also alleges that Davis agreed to be personally responsible for all amounts due to Rosy on behalf of D&A. (Doc. 55 at 3). Davis denies this allegation.(Doc. 63 at 10).

FL on November 1, 2006, he was carrying a shopping bag containing approximately $2.5 million worth of diamonds, various other pieces of jewelry and $100,000 in cash. (Doc. 54 at 3). While Davis was eating lunch in the food court, he set the bag containing the diamonds on the floor under his table, along with several other shopping bags. (Doc. 55 at 3-4). After Davis arrived home, he realized that the bag containing the diamonds was not in his car, and he went back to the Florida Mall to look for it. (Doc. 55 at 6; Doc. 54 at 4). Davis, with the help of Mall Security, was able to recover the bag, but not the diamonds. (Doc. 54 at 4). Davis hired a private investigator to help him find the stolen diamonds. (Doc. 54 at 4). On November 7, 2006, Davis filed a police report with the Orange County Sheriff's Office regarding this event. (Doc. 54 at 4). Davis later withdrew this police report. (Doc. 55 at 7; Davis Depo. Vol. III at 364).

Plaintiff alleges that, subsequent to the alleged theft, Defendants have failed to make the scheduled monthly payments on eleven open invoices, or in the alternative, to return the diamonds to Rosy. (Doc. 55 at 7). Rosy states that it has made numerous oral and written requests for payment or return of the diamonds, but Defendants have refused to comply. Thus, Plaintiff brings this action for, inter alia, $4,514,755.12 plus interest. (Doc. 55 at 8).

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929

F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

### III. Legal Analysis

*A) Breach of Contract*

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.,* 2006 WL 539543, *3 (M.D.Fla. March 6, 2006).

#### 1. Count III against D&A

Defendants make no argument that summary judgment should not be entered in favor of Plaintiff and against D&A on Count III. Furthermore, it is clear from the record that D&A contracted with Rosy to purchase diamonds and that Rosy did not receive full payment for those diamonds. The only factual dispute concerning Count III is the amount of money still owed to Rosy. Therefore, summary judgment will be granted to Plaintiff with respect to liability *only* on Count III, and the amount of damages, if any, will be determined at trial.

#### 2. Count IV against Davis

Defendant Davis argues that he is entitled to summary judgment as to Count IV because there is no evidence that he can be held individually liable for the contracts made by him on behalf of D&A. Plaintiff, however, argues that the D&A corporate veil should be pierced, thereby exposing Davis to individual liability.

> [T]he Florida Supreme Court has imposed a strict standard upon those wishing to pierce a corporate veil. Generally, the rule is that the corporate veil will not be pierced absent a showing of improper conduct. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984); *accord Steinhardt v. Banks*, 511 So. 2d 336 (Fla. 4th DCA 1987). Under this standard, it must be shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them. *See id.* Three factors must be proven by a preponderance of the evidence:
>
> (1) the shareholder dominated and controlled the corporation to such an extent that

>> the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.
>
> *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla. 1994)(*citing Dania Jai-Alai*). Whether there has been improper conduct is a jury question.

*Seminole Boatyard v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998). Because there are factual disputes regarding, *inter alia*, these issues, neither party is entitled to summary judgment on Count IV.

*B) Fraud In the Inducement*

### 1. Count I against D&A

This Court has already found that an express contract existed between Plaintiff and D&A. Therefore, the claim of fraud in the inducement against D&A seeks the same relief as Count III, for breach of contract, and is therefore barred by Florida's economic loss rule. *See HTP, Ltd. v. Lineas Aerea Costarricences,* 685 So.2d 1238 (Fla. 1996); *Premix-Marbletite Mfg. Corp. v. SKW Chems., Inc.*, 145 F. Supp. 2d 1348, 1358-59 (S.D. Fla. 2001). Accordingly, D&A is entitled to summary judgment on Count I.

### 2. Count II against Davis

The issue of whether Plaintiff has a contractual relationship with Davis has yet to be decided, therefore the application of the economic loss rule cannot be determined as of yet. Thus, to sustain a cause of action for fraud in the inducement, a Plaintiff must allege:

> (1) the defendant made a false statement regarding a material fact; (2) the defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth or falsity; (3) the defendant intended the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment.

*Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004).

A review of the record reveals that there are material factual disputes as to, *inter alia,* (1) the statements that were actually made, (2) who made those statements (Davis or Lane), (3) whether those statements were actually false at the time they were made, and (4) whether Plaintiff actually relied on those statements. Therefore, summary judgment cannot be granted on Count II..

*C) Unjust Enrichment, Equitable Lien, Constructive Trust and Replevin*

Counts V through VIII, XI and XII all seek equitable relief and rely on the theory of unjust enrichment. (Doc. 64 at 17, 20).

> [U]nder Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. *See e.g. H.L. McNorton v. Pan American Bank of Orlando*, 387 So. 2d 393, 399 (Fla. 5th DCA 1980). However, this doctrine does not apply to claims for unjust enrichment. [*Thunderwave, Inc. v. Carnival Corp.,* 954 F. Supp. 1562, 1565-66]. It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. *See id.*

*Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998). As noted above, Plaintiff has established an express contract between Rosy and D&A. Therefore, D&A is entitled to summary judgment on Counts V, VII and XI. With regard to Counts VI, VIII and XII, which are brought against Davis individually, factual disputes remain making summary judgment inappropriate.

*D) Account Stated*

For an account stated to exist, there must be an agreement between the parties that a certain

balance is correct and due, and an express or implied promise to pay this balance. *Merrill-Stevens Dry Dock Co. v. Corniche Express*, 400 So.2d 1286 (Fla. 3d DCA 1981); *See also Coleman Co., Inc. v. Cargil Intern. Corp.*, 731 So.2d 2, 3 (Fla. 3rd DCA 1998), *rev. dismissed*, 732 So.2d 325 (1999) (plaintiff was entitled to account stated because defendant never challenged the invoices; not only did defendant accept the goods, but later sold the goods to third parties). The action is premised on a sum certain and where there is no such agreement between the parties, the plaintiff may not recover upon a theory of account stated. *Merrill-Stevens*, 400 So.2d at 1287. (parties who have had a series of dealings with each other may reach a final accounting and agree on a balance due through an account stated). Clearly, that is not the case here. Defendants argue that the Invoices submitted by Plaintiff are not accurate and have been renegotiated. (Doc. 63 at 5-6, 18-19). Therefore, Plaintiff's motion for summary judgment on Counts IX and X must be denied as well.[5]

**IV. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 54) is **GRANTED** in part and **DENIED** in part and Plaintiff's Motion for Summary Judgment (Doc. 55) is **GRANTED** in part and **DENIED** in part. Counts I, V, VII and XI are **DISMISSED** with prejudice and Plaintiff is entitled to judgment in its favor on Count III with regard to liability, however, this Court will not enter such judgment until all claims have been resolved.

---

[5] As noted above, Defendants did not move for summary judgment on Counts IX and X.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 29, 2008.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party